IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF ODFJELL CHEMICAL TANKERS AS, | § | |
| GOLDEX FORTUNE LTD., | § | C.A. NO. 3:20-CV-00012 |
| ODJFELL MANAGEMENT AS AND | § | |
| ODFJELL TANKERS AS, AS OWNERS AND | § | |
| OPERATORS OF THE M/T BOW FORTUNE | § | (ADMIRALTY) |

**<u>VERIFIED COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY</u>**

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW Odfjell Chemical Tankers AS, Goldex Fortune Ltd., Odjfell Management AS and Odfjell Tankers AS, as owners and operators of the *M/T Bow Fortune* (collectively referred to herein as "Petitioners"), to file this, their Verified Complaint for Exoneration From or Limitation of Liability, and respectfully show the following:

**I.**

1.  This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**II.**

2.  At the time of the incident which forms the basis of this suit:

    a.  Odfjell Chemical Tankers AS was a business entity organized and existing under the laws of Norway with its registered office located in Bergen, Norway.

    b.  Goldex Fortune Ltd. was a business entity organized and existing under the laws of Liberia with its registered office in Monrovia, Liberia.

  c. Odjfell Management AS was a business entity organized and existing under the laws of Norway with its registered office located in Bergen, Norway.

  d. Odfjell Tankers AS was a business entity organized and existing under the laws of Norway with its registered office located in Bergen, Norway.

Petitioners were the owner and operators of the *M/T Bow Fortune* at the time of the incident which forms the basis of this suit.

### III.

3. The *M/T Bow Fortune* is a chemical and oil products tanker built in 1999. The *M/T Bow Fortune* is 183.10 meters in length, with a beam of 32.2 meters and bears IMO Number 9168635.

4. As shown in the Declaration of Value and Pending Freight, attached hereto as Exhibit A and incorporated herein by reference for all purposes, at the time the *F/V Pappy's Pride* collided with the *M/T Bow Fortune* on January 14, 2020:

  a. the *M/T Bow Fortune* and all its appurtenances, excluding pending freight, was valued at approximately USD 28,000,000.00 (TWENTY EIGHT MILLION AND 00/100 U.S. DOLLARS); and,

  b. the value of the pending freight for the *M/T Bow Fortune* was approximately USD 1,118,136.40 (ONE MILLION ONE HUNDRED EIGHTEEN THOUSAND ONE HUNDRED THIRTY-SIX AND 40/100 U.S. DOLLARS).

### IV.

5. On January 14, 2020, the *M/T Bow Fortune* was inbound in the Galveston Ship

Channel when a fishing vessel, the *F/V Pappy's Pride,* collided with it at or near buoy 7 within the Galveston Ship Channel. The *F/V Pappy's Pride* capsized. One of its crewmembers died, one was injured and two remain missing.

6. Petitioners now seek exoneration from or, alternatively, limitation of their liablity as provided by the Shipowner's Limitation of Liability Act, for any and all claims arising out of the *F/V Pappy's Pride* colliding with the *M/T Bow Fortune* on January 14, 2020, and any other claims arising out of the *M/T Bow Fortune* voyage beginning on or about January 10, 2020.

V.

7. This action is timely filed pursuant to Rule F(1) of the Supplemental Rules for Admiralty and Maritime Claims.

8. The incident occurred at or near buoy 7 within the Galveston Ship Channel. As Galveston County is within the Southern District of Texas, venue is proper in the Galveston Division of the Southern District of Texas pursuant to Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

VI.

9. The incident described above and any damages claimed as a result thereof were in no way caused or contributed to by any fault, neglect or want of due care on the part of Petitioners.

10. At the time of the incident which forms the basis of this suit, Petitioners used due diligence to make and maintain the *M/T Bow Fortune* in all respects seaworthy, and the *M/T Bow Fortune* was, in fact, at all times material hereto, tight, staunch, strong, and fully and properly equipped and supplied, and in all other respects seaworthy and fit for the service in which it was engaged.

11.     The incident described above and any damages claimed as a result thereof occurred without the fault, privity or knowledge of Petitioners.

12.     To the best of Petitioners' knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the *M/T Bow Fortune* and the vessel has not been and is not presently under seizure as a result of any claims or demands. However, counsel for the owner of the *F/V Pappy's Pride* has requested security.

13.     Petitioners desire to contest their liability and the liability of the *M/T Bow Fortune* for any claims made and/or that may be made against them as they have valid defenses in fact and in law thereto.  Petitioners further claim the benefits of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, any and all Acts of the Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States.

## VII.

14.     Contemporaneous with this filing, Petitioners file their *Ad Interim* Stipulation for an amount equal to the value of Petitioners' interest in the *M/T Bow Fortune* and its pending freight plus interest thereon at the rate set forth in Rule F.  The *Ad Interim* Stipulation is to stand in the place of a stipulation for value if the amount thereof is not contested by any claimant herein.

## VIII.

15.     All and singular, the above premises of this Complaint are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Odfjell Chemical Tankers AS, Goldex Fortune Ltd., Odjfell Management AS and Odfjell Tankers AS, as owners and operators of the *M/T Bow Fortune*, pray that:

1. upon the filing of the *Ad Interim* Stipulation in the amount of US $29,118,136.40 (TWENTY NINE MILLION ONE HUNDRED EIGHTEEN THOUSAND ONE HUNDRED THIRTY SIX AND 40/100 US DOLLARS), the Court, in accordance with the Federal Rules, shall cause a Monition to be issued to all persons asserting claims in the respect to which Odfjell Chemical Tankers AS, Goldex Fortune Ltd., Odjfell Management AS and Odfjell Tankers AS, as owners and operators of the *M/T Bow Fortune*, as owner of the *M/T Bow Fortune*, ("Petitioners") seek limitation, citing them to file their respective claims with the Clerk of this Court and serve them on or before the date to be named in said Monition or be forever barred and permanently enjoined from making and filing any such claims;

2. the Court, upon filing of the *Ad Interim* Stipulation, issue an injunction restraining the filing, commencement, and further prosecution in any Court whatsoever and all suits, actions, and legal proceedings of any nature or kind whatsoever against Petitioners and/or the *M/T Bow Fortune* and/or their underwriters, and/or their insurers, whether *in personam*, or *in rem*;

3. if any claimant, who shall file its claim under oath, files an exception controverting the value of the *M/T Bow Fortune* in its condition as alleged herein, or to the amount of the *Ad Interim* Stipulation, the Court shall cause due appraisal to be made of the value of the *M/T Bow Fortune* and its freight earned, if any, during the time referred to in the Complaint, and the value of Petitioners' interest therein; and, in the event said appraised value exceeds the limitation fund or security filed with the Court, that this Honorable Court enter an Order for the payment into the Court of the higher value of Petitioners' interests therein, or for the giving of security in the same amount pursuant to the Supplemental Rules of the Federal Rules of Civil Procedure;

4. the Court adjudge that Petitioners are not liable to any extent whatsoever for any losses, damages, or injuries, and for any claims arising in consequence of the matters, happenings and events stated in this Complaint, and exonerate Petitioners from liability therefor;

5. in the alternative, if this Court should adjudge that Petitioners are liable in any amount whatsoever, the Court adjudge said liability as limited to the value or amounts of interests of Petitioners in the *M/T Bow Fortune* and its pending freight, if any; that the monies paid or ordered to be paid may be divided pro rata among such claimants as may prove their claims, saving to all parties the priority

to which they may be entitled; and, that a decree be entered discharging Petitioners from all other liabilities; and,

6. that Petitioners have such other and further relief as they may be entitled at law, in equity or in admiralty, including the right to supplement and amend these pleadings in order to achieve justice.

Respectfully submitted,

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

*/s/ Robert L. Klawetter*
Robert L. Klawetter
Federal I.D. 2471
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
Federal I.D. 25142
State Bar No. 24002910
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, TX  77002
Telephone:  (713) 225-0905
Facsimile:  (713) 225-2907

*Attorneys for Petitioners*
*Odfjell Chemical Tankers AS,*
*Goldex Fortune Ltd.,*
*Odjfell Management AS, and*
*Odfjell Tankers AS*

## VERIFICATION

STATE OF TEXAS § 
§   KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day did personally appear Robert L. Klawetter, known to me to be the person executing this affidavit and upon having been duly sworn upon his oath did depose and state as follows:

1. My name is Robert L. Klawetter. I am over 18 years of age, of sound mind and have never been convicted of a felony or crime involving moral turpitude. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am the lead counsel for Odfjell Chemical Tankers AS, Goldex Fortune Ltd., Odjfell Management AS and Odfjell Tankers AS, as owners and operators of the *M/T Bow Fortune*, in the action to be filed in the Southern District of Texas, Galveston Division, styled *In the Matter of the Complaint of Odfjell Chemical Tankers AS, Goldex Fortune Ltd., Odjfell Management AS and Odfjell Tankers AS, as owners and operators of the M/T Bow Fortune, for Exoneration from or Limitation of Liability*.

3. I have read the Complaint for Exoneration from or Limitation of Liability with which this Verification is filed, and certify that the facts contained therein are true and correct based upon my personal knowledge and/or best information and belief. The sources of my information and the grounds for my belief as to all matters stated herein are documents of and communications with said corporations and/or their employees.

Further Affiant sayeth not.

By: _____
Robert L. Klawetter

GIVEN UNDER my hand and official seal of office this 17th day of January 2020.

JANETTE GOMEZ
NOTARY PUBLIC-STATE OF TEXAS
Notary ID# 12611374-8
My Comm. Exp. March 10, 2022

_____
Notary Public in and for The State of Texas
My Commission Expires: 3/10/22

23,572