UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF ODFJELL CHEMICAL TANKERS AS, | § | |
| GOLDFEX FORTUNE LTD., | § | |
| ODFJELL MANAGEMENT AS AND | § | C.A. NO. 3:20-CV-00012 |
| ODFJELL TANKERS AS, AS OWNERS | § | |
| AND OPERATORS OF THE M/T | § | |
| BOW FORTUNE | § | JURY |

## Answer and Claims of Claimants
## Raymond Herrera, Jr. and Tabitha Herrera, Individually and as Personal Representatives of the Estate of Raymond Anthony Herrera

Claimants Raymond Herrera, Jr. and Tabitha Herrera, Individually and as Personal Representatives of the Estate of Raymond Anthony Herrera (hereinafter "Claimants") file this Answer and Claims in response to the Complaint for Exoneration From or Limitation of Liability of Petitioners, Odfjell Chemical Tankers AS, Goldfex Fortune, Ltd., Odfjell Management AS, and Odfjell Tankers AS, as Owners and Operators of the M/T BOW FORTUNE (hereinafter collectively "Plaintiffs" or "Petitioners"), and would respectfully show that:

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).

### SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives Claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal

1

protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

Claimants assert the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise.

### FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioner's deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

### FIFTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioner has failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

### SIXTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the M/T BOW FORTUNE and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and

actions which lead to Claimants' injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

## SEVENTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the M/T BOW FORTUNE and/or other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

## EIGHTH DEFENSE

To the extent Petitioner's insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## NINTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimants seek more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

## TENTH DEFENSE

The events culminating in the damages to Claimants were the result of negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or unseaworthiness of the M/T BOW FORTUNE and/or other vessels within the flotilla under common operational control, supervision, and enterprise, all of which was within the

privity and knowledge of Petitioners, for which the Complaint for Exoneration From and/or Limitation of Liability should be denied.

### ELEVENTH DEFENSE

The events culminating in the damages to Claimants were not the result of any negligence, fault, or want of due care on their part or those for whom they may be responsible.

### TWELFTH DEFENSE

Claimants further alleges that there was insurance coverage on the M/T BOW FORTUNE insuring Petitioner in the event of an occurrence such that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

### THIRTEENTH DEFENSE

Claimants state that the proceeds of any judgment, award, or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### FOURTEENTH DEFENSE

1.           In filing this Answer and Claim, Claimants specifically reserve all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, and all state law remedies.  The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimants are not agreeing to join all issues in this proceeding by filing this Claim and Answer.  Claimants further note that the parties to this

action are completely diverse, that the Court can exercise diversity jurisdiction over this matter, and that Claimants should have the right to a jury trial. *See Luera v. M/V Alberta*, 635 F.3d 181, 196 (5th Cir. 2011); *see also Fitzgerald v. U. S. Lines Co.*, 374 U.S. 16, 83 S. Ct. 1646, 10 L. Ed. 2d 720 (1963).

## FIFTEENTH DEFENSE

Claimants specifically reserve all rights to pursue all available claims in the forum of their choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Claimants will move the Court to lift the injunction and stay of proceedings in other forums. *In re Tetra Applied Techs. L P*, 362 F.3d 338 (5th Cir. 2004). Further, pursuant to the holdings of *Petition of Liverpool, Brazil & River Plate Steam Nav. Co.*, 57 F.2d 176 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776 (9th Cir. 1937), upon Petitioner's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimants hereby assert and claim their right to have their claims and damages tried to a jury in the court of her choosing.

## SIXTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. *See* 46 U.S.C. § 30501, *et seq.*; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

**SEVENTEENTH DEFENSE**

Claimants reserve the right to contest the appraisal value of the M/T BOW FORTUNE and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**EIGHTEENTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioner.

**NINETEENTH DEFENSE**

Petitioner is not a "vessel owner" entitled to seek exoneration from or limitation of liability under 46 U.S.C. § 30501, *et seq.*

**TWENTIETH DEFENSE**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court lacks subject-matter jurisdiction over this matter and Petitioner's Verified Complaint for Exoneration from or Limitation of Liability should be dismissed with prejudice.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue their claims in state court pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, and all state law remedies, Claimants respond to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

I.

Claimants deny the allegations in Paragraph 1. Claimants also state that the parties are completely diverse and more than $75,000 is in controversy. This Court can exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332.

II.

Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 2, and therefore deny those allegations.

III.

Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 3, and therefore deny those allegations.

IV.

Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 4, and therefore deny those allegations.

V.

Claimants admit that there was a collision on January 14, 2020 between the *M/T Bow Fortune* and the *F/V Pappy's Pride* in the Galveston Ship Channel. Claimants further admit that one crewmember died, one was injured, and two remain missing. The remaining allegations in paragraph 5.

VI.

The allegations in Paragraph 6 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from these complaints. However if response is needed, said allegations are denied.

VII.

Claimants admit the allegations asserted in Paragraph 7.

VIII.

Claimants admit the incident occurred in the Galveston Ship Channel and admit that Galveston County is within the Southern District of Texas. Claimants deny the remaining allegations in Paragraph 8.

IX.

Claimants deny the allegations asserted in Paragraph 9.

X.

Claimants deny the allegations asserted in Paragraph 10.

XI.

Claimants deny the allegations asserted in Paragraph 11.

XII.

Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 12, and therefore deny those allegations.

XIII.

The allegations contained in Paragraph 13 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from these complaints. However if response is needed, said allegations are denied.

XIV.

The allegations contained in Paragraph 14 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from these complaints. However if response is needed, said allegations are denied.

XV.

The allegations contained in Paragraph 15 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from these complaints. However if response is needed, said allegations are denied.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. § 1333, and all state law remedies, Claimants file this Claim in the Complaint for Exoneration from or Limitation of Liability of, and states that:

2. Claimants re-urge each and every defense and objection set forth above as if the same were stated herein verbatim.

### Parties

3. At all material times, Claimants were residents and citizens of Alabama.

4. Upon information and belief, Petitioner Odfjell Chemical Tankers AS is a Norweigan entity that conducts substantial business in the State of Texas.

5. Upon information and belief, Petitioner Goldfex Fortune, Ltd. is a Chinese entity that conducts substantial business in the State of Texas.

6. Upon information and belief, Petitioner Odfjell Management AS is a Norweigan entity that conducts substantial business in the State of Texas.

7. Upon information and belief, Petitioner Odfjell Tankers AS is a Norweigan entity that conducts substantial business in the State of Texas.

### Facts

8. On or about January 14, 2020, Petitioners' 600-foot tanker vessel, the ODFJELL BOW FORTUNE, collided with Raymond Anthony Herrera's fishing boat in the Galveston

ship channel. Petitioners owned, operated, and/or managed the ODFJELL BOW FORTUNE. The collision caused Raymond Anthony Herrera fatal injuries.

9. Petitioners were negligent, negligent *per se*, and grossly negligent for the following reasons:

    a. failing to operate their vessel safely;

    b. failing to properly supervise their crew

    c. failing to properly train their employees;

    d. negligently hiring their employees;

    e. operating the vessel with an inadequate crew;

    f. failing to ensure proper rest for their crew;

    g. deviating from standard practice and procedures;

    h. violating applicable Coast Guard, local, state, and/or Federal regulations;

    i. vicariously liable for their employees' and/or agents' negligence; and

    j. other acts deemed negligent.

10. At all relevant times, Petitioners' vessel was unseaworthy.

11. As a result of said occurrences, Decedent Raymond Anthony Herrera sustained severe physical pain, mental anguish, emotional distress, and other medical problems. He died as a result. Claimants Raymond Herrera, Jr. and Tabitha Herrera have lost their beloved father. Claimants have sustained in the past and will continue to sustain in the future:

    a. Pre-death physical pain and suffering;

    b. Pre-death mental pain, suffering, and anguish;

    c. Loss of earning capacity and inheritance;

    d. Loss of fringe benefits;

    e. Loss of services and support;

    f. Loss of nurture, guidance, care, and instruction;

    g. Loss of enjoyment of life;

    h. Loss of future pecuniary support;

    i. Loss of society and companionship;

    j. Emotional distress and mental anguish; and

    k. All other damages recoverable under the law.

12. In addition, Claimants are entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent. Petitioners acted with flagrant and malicious disregard of Claimants' and others' health and safety. Petitioner were objectively aware of the extreme risk posed by the conditions which caused Claimants' injuries, but did nothing to rectify them. Petitioners' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimants and others. Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk. Accordingly, Claimants are entitled to and seeks exemplary damages.

13. Claimants pray that after due proceedings are had that:

    a. Petitioners be denied exoneration from, or limitation of, liability, and its limitation complaint dismissed;

    b. Alternatively, Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise and that said security be by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint seeking Exoneration From or Limitation of Liability be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

    c.   That an order be entered that the occurrence referred to in the Verified Complaint happened with the knowledge and privity of Petitioners;

    d.   That an order be entered that Claimants are entitled to a trial jury on this claim to recover damages against Petitioners for the losses and damages of Claimant;

    e.   There be judgment rendered herein in favor of Claimants, and against Petitioner in a total sum in excess of the minimum jurisdictional limits of this Court, both jointly and severally, plus pre-judgment and post-judgment interest, all costs of Court, and all other relief to which Claimants may show themselves justly entitled at law and in equity.

14.    Claimants respectfully request a trial by jury on all claims. *Luera v. M/V Alberta*, 635 F.3d 181, 196 (5th Cir. 2011); *see also Fitzgerald v. U. S. Lines Co.*, 374 U.S. 16, 83 S. Ct. 1646, 10 L. Ed. 2d 720 (1963).

                                            **Respectfully submitted,**

                                            **ARNOLD & ITKIN LLP**

                                            */s/ Jason A. Itkin*
                                            JASON A. ITKIN
                                            ARNOLD & ITKIN LLP
                                            Texas State Bar No. 24060816
                                            6009 Memorial Drive
                                            Houston, Texas  77007
                                            Tel: 713-222-3800
                                            Fax: 713-222-3850
                                            jitkin@arnolditkin.com

                                            **ATTORNEY FOR CLAIMANTS**

**OF COUNSEL:**
Cory D. Itkin
Texas State Bar No. 24050808
Ryan S. MacLeod
Texas State Bar No. 24068346
Jacob M. Karam
Texas State Bar No. 24105653
6009 Memorial Drive

Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
citkin@arnolditkin.com
rmacleod@arnolditkin.com
jkaram@arnolditkin.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 20, 2020, a true and correct copy of this motion was served on all counsel of record by uploading the same to the Court's CM/ECF System.

*/s/ Cory D. Itkin*
Cory Itkin