Case 3:20-cv-00012   Document 99   Filed on 07/10/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ODFJELL CHEMICAL TANKERS AS, ET AL., § § § Plaintiffs, § § VS. § § RAYMOND HERRERA, JR., ET AL., § § Defendants. § | CIVIL ACTION NO. 3:20-CV-00012 |

## ORDER

This lawsuit arises from a January 14, 2020 collision between a 600-foot chemical tanker and a fishing boat in the Galveston Ship Channel. Three men lost their lives in this tragedy. Another individual was injured. As a result of the accident, multiple wrongful death and personal injury claims have been asserted against the two vessel owners.

The vessel owners each filed federal actions under the Limitation of Liability Act (the "Limitation Act"), 46 U.S.C. § 50501 *et seq.*, seeking to limit their liability to the value of their respective vessels and their freight.[1] The two actions are consolidated here.

Pending before me is Claimants' Motion to Bifurcate ("Motion to Bifurcate"). *See* Dkt. 79. In the Motion to Bifurcate, Claimants ask me to ensure that the only issue to be resolved in the federal forum is the limitation of liability question, allowing Claimants to try all non-limitation issues in state court. The vessel owners oppose the Motion to Bifurcate,

---

[1] The Odfjell Petitioners are attempting limit their liability to $29,118,136.40. The Master Jimbo Petitioners are trying to limit their liability to $0.00 since they claim their vessel was worth nothing.

arguing that the limitation of liability and damage issues should be heard in one proceeding before the district court judge without a jury. Because I find that bifurcation preserves both the vessel owners' right to a federal bench trial on the limitation of liability issue and the Claimants' right to a state court jury trial on the remaining issues, I **GRANT** the Motion to Bifurcate.

## ANALYSIS

The Limitation Act provides shipowners the opportunity to limit their liability for damages arising from a maritime accident to the value of the vessel and its freight, provided that the accident occurred without the shipowner's "privity or knowledge" of the negligent actions causing the damage. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001). Congress enacted the Limitation Act in 1851 "to encourage ship-building and to induce capitalists to invest money in this branch of industry." *Norwich & N.Y. Transp. Co. v. Wright*, 80 U.S. 104, 121 (1871). This purpose is achieved by exempting innocent shipowners from liability beyond the amount of their interest in the vessel and its pending freight.

A Limitation Act proceeding must be brought in federal court. *See Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992). Supplemental Admiralty and Maritime Claims Rule F sets forth the procedure for a limitation action. In short, "[t]he district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims." *Lewis*, 531 U.S. at 448. Then, the district "court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability." *Id.*

In determining whether a vessel owner may limit its liability, district courts apply a two-step analysis. *See Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976). "First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident." *Id.* The damage claimants bear the initial burden of establishing the vessel owner's negligence. *See id.* "Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." *Id.* The vessel owner "bears the burden of proving lack of privity or knowledge." *Id.* The Fifth Circuit has stated that "'privity or knowledge' implies some sort of 'complicity in the fault that caused the accident.'" *Brister v. A.W.I., Inc.*, 946 F.2d 350, 355 (5th Cir. 1991) (quoting *Nuccio v. Royal Indem. Co.*, 415 F.2d 228, 229 (5th Cir. 1969)).

The issue I am asked to decide in connection with the Motion to Bifurcate is as follows: Should the district court judge have one proceeding, without a jury, in which he determines all liability and damage issues related to the ship collision, including the limitation action and wrongful death/personal injury claims? Alternatively, should the district judge simply handle only the issues strictly necessary to resolve the limitation issue, such as whether there was negligence or unseaworthiness which occurred within the vessel owners' "privity or knowledge," leaving all remaining issues—including other parties' fault, apportionment of liability, and damages—to a state court jury trial if Claimants so desire?

To fully understand the context in which this dispute arises, I need to briefly discuss the so-called savings to suitors clause, found in 28 U.S.C. § 1333(1). Although "[f]ederal courts have exclusive admiralty jurisdiction of [limitation of liability] suits brought under the [Limitation] Act," the savings to suitors clause provides claimants a choice of remedies and

3

forums. *Magnolia*, 964 F.2d at 1575. The savings to suitors clause gives federal district courts exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction," but saves "to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). This evinces a strong preference for jury trials and common law remedies in the forum of the Claimants' choice, including remedies provided by a state's wrongful death and/or survival statutes. *See Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996). Unquestionably, "tension exists between the saving to suitors clause and the Limitation Act because one gives suitors the right to a choice of remedies while the other gives vessel owners the right to seek limited liability in federal court." *Lewis*, 531 U.S. at 439.

Oftentimes, a claimant wants to pursue his underlying wrongful death or personal injury claims in state court before the federal court has concluded the limitation matter. In such cases, a district court will allow a claimant to move forward in state court so long as the claimant agrees to certain stipulations, making it abundantly clear that "the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court." *Id.* Here, Claimants are not asking to proceed in state court while the limitation proceeding inches toward its conclusion, but are merely requesting the opportunity to present their non-limitation claims to a state court jury should the federal court deny limitation.[3]

---

[3] There was some discussion at oral argument about what would happen in the event limitation is granted. Claimants maintain they would still be allowed to proceed in state court on any non-

I find Claimants' request to be reasonable and appropriate. "Each circuit that has considered this question has ruled that once limitation is denied, plaintiffs should be permitted to elect whether to remain in the limitation proceeding or to revive their original claims in their original fora." *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985) (collecting cases). Importantly, the Fifth Circuit has expressly held that "where no limitation is possible[,] the damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to suitors clause." *Fecht v. Makowski*, 406 F.2d 721, 722–23 (5th Cir. 1969). *See also Rubenstein v. Bryant*, 522 F.2d 1351, 1352 (5th Cir. 1975) ("A bifurcated damage action, in which a state court decides the merits of a tort action while a federal admiralty court subsequently determines limitation of liability, is not new to the courts."); *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960) ("[T]he admiralty court in its decree denying the right to limitation can make certain that [Claimants] are free to pursue the [vessel owner] in any other forum having requisite jurisdiction."); *In re Miss. Limestone Corp.*, No. 4:09-CV-00036-SA-DAS, 2010 WL 4174631, at *3 (N.D. Miss. Oct. 7, 2010) ("[N]ot only does bifurcation make perfect sense here, but it also appears that the preferred approach, at least within federal district courts of the Fifth Circuit, is to decide the limitation issues and then allow claimants to return to state court if they so desire.") (internal quotation marks, brackets, and citations omitted).

---

limitation matters. The vessel owners strongly disagree. There is no need for me to address this issue today. If limitation is granted, the parties will then be permitted to address whether certain future proceedings should take place in federal or state court.

5

The Supreme Court has observed that the purpose of the Limitation Act is not to "transform the Act from a protective instrument to an offensive weapon by which [Claimants] could be deprive[d] . . . of their common-law rights." *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957). In light of this observation, bifurcation makes perfect sense. It allows the district court judge to resolve the limitation issue while preserving Claimants' right under the Savings to Suitors Clause to a trial by jury in state court of any remaining issues. *See Archer Daniels Midland Co. v. M/T AM. LIBERTY*, No. CV 19-10525, 2020 WL 1889123, at *3 (E.D. La. Apr. 16, 2020) ("Bifurcation . . . help[s] to avoid prejudice by preserving the claimants' ability to seek a jury trial on damages if limitation is denied."). Filing a limitation action, by itself, should not automatically strip Claimants of their right to have a state court jury decide their non-limitation issues. As one district court explained:

> Bifurcation has proved to be an effective tool to help ease the conflict between the apparent exclusive jurisdiction vested in this admiralty court by the Limitation Act and the presumption in favor of jury trials and common law remedies embodied in the "savings to suitors" clause of 28 U.S.C. § 1333. In essence, this Court will determine both negligence of petitioner and its right to limitation/exoneration in Phase I of the instant proceeding keeping its stay in effect, which will satisfy the Limitation Act's requirements. Should this Court determine that petitioner is not entitled to exoneration and/or limitation of liability, individual claimants submit that Court's jurisdiction will then be at an end, and they should be free to have a state court, or if applicable a state jury, determine the fault of additional parties, the relative degrees of fault, and damages. Thus, the congressional purposes behind the "savings to suitors" clause will be somewhat fulfilled.

*In re Bergeron Marine Serv., Inc.*, No. 93-1845, 1994 WL 236374, at *1 (E.D. La. May 24, 1994).

In opposing bifurcation of limitation and non-limitation issues, the vessel owners assert that "Claimants have not provided any clear argument as to how bifurcation . . . promotes

6

judicial economy or will not result in unnecessary delay or additional expense." Dkt. 89 at 4. Although it may be true that Claimants have not provided a compelling argument that bifurcation would promote judicial efficiency, it is of no consequence. Claimants correctly point out that "[w]hile judicial efficiency is a laudable goal, concerns of judicial efficiency do not trump a traditional plaintiff's right to a jury trial." Dkt. 90 at 4 (emphasis omitted). *See also In re Hill*, 935 F. Supp. 710, 711 (E.D.N.C. 1996) (Bifurcation, "although arguably less efficient, serves to protect the interests of both the ship owner and the claimant by permitting each to proceed in the forum of his own choosing."). If limitation is denied, Claimants should be permitted to choose whether to remain in federal admiralty court or pursue their claims before a jury in state court. *See Pickle v. Char Lee Seafood*, 174 F.3d 444, 450 (4th Cir. 1999) (observing that, when limitation is denied, "claimants may elect to proceed with their original actions before any jury authorized and demanded in those actions."). "If claimants have a substantive right to pursue their cause of action under the saving to suitors clause [in state court], it can hardly be abrogated by" concerns of judicial efficiency. *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 760 (2d Cir. 1988) (internal quotation marks and citation omitted). Claimants have made themselves clear: if limitation is denied, they want to pursue their damage claims in state court with a jury. I will respect that decision.

## CONCLUSION

The Motion to Bifurcate (Dkt. 79) is, therefore, **GRANTED**. This Court will preside over a liability trial that determines: (1) whether either vessel owner was negligent (or whether its vessel was unseaworthy); and (2) if so, whether privity or knowledge exists. If limitation

7

is denied, the Court will dissolve the limitation injunction and permit the parties to proceed in state court.

SIGNED in Houston, Texas, this 10th day of July, 2020.

                                            ANDREW M. EDISON
                                 UNITED STATES MAGISTRATE JUDGE